UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-73-RJC-DSC

| COLEMAN, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMNERICA, N.A., et al., | ) | |
| | ) | ORDER |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order (TRO). (Doc. No. 19).

The instant motion represents the latest sortie in a lengthy legal struggle by Plaintiff to avoid foreclosure on and eviction from a residential property in Washington, D.C. (Doc. No. 1: Complaint ¶ 26 (first Notice of Foreclosure Sale served on June 23, 2006)). According to the Complaint, the Superior Court for the District of Columbia granted summary judgment in favor of Carrington Mortgage Services, LLC on a Complaint for Judicial Foreclosure on November 14, 2018. (Id. ¶¶ 80, 89, 93). In the present action, Plaintiff seeks to relitigate facts he did not dispute in that case. (Id. ¶ 93, 100). Carrington has moved to dismiss, in part, on the basis of collateral estoppel. (Doc. No. 22: Memorandum at 1).

Plaintiff filed the motion for TRO on March 16, 2020, seeking to stay his eviction from the property on March 26, 2020, with notice to Defendants. (Doc. No. 19 at 1, 8). Because Defendants were given notice on this motion, the Court will treat it as a motion for a preliminary injunction. A preliminary injunction is an

extraordinary equitable remedy, the primary function of which is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir.2003). A preliminary injunction is to be granted only if no adequate remedy at law exists and the moving party clearly establishes the requisite entitlement. See Federal Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir.1981).

Here, Plaintiff has not demonstrated that no adequate remedy at law exists. He was given the opportunity to be heard in the foreclosure case before the D.C. Superior Court, and he has not shown an impediment to going before that court with his allegations of new evidence bearing on the summary judgment order against him. That court issued the writ of possession resulting in his eviction, (Doc. No. 19-1 at 2), and is the proper forum for his request for a stay. Additionally, he has not clearly shown he is entitled to the relief sought. He seeks thirteen million dollars in damages, (Doc. No. 1 at 23), but has not established that this Court would have authority to overturn the foreclosure and eviction if he were successful on the merits.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, (Doc. No. 19), is **DENIED**.

Signed: March 26, 2020

Robert J. Conrad, Jr.
United States District Judge